# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HOPKINS, | : |
|                 Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| LANDMARK INFRASTRUCTURE PARTNERS LP, STEVEN M. SONNENSTEIN, SADIQ MALIK, THOMAS CAREY WHITE III, GERALD TYWONIUK, and KEITH BENSON, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|                 Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On August 23, 2021, Landmark Infrastructure Partners L.P. ("Landmark" or the "Company") entered into a transaction agreement (the "Agreement") with LM DV Infrastructure, LLC ("LM DV Infra"), LM Infra Acquisition Company, LLC ("LM Infra"), Digital LD MergerCo LLC ("Merger Sub"), and Digital LD MergerCo II LLC ("Merger Sub II," and together with LM DV Infra, LM Infra, and Merger Sub, the "Buyer Parties") (the "Proposed Merger").

2. Under the terms of the Agreement, Landmark's stockholders will receive $16.50 in cash per share.

3. On October 26, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Landmark's common stock.

9. Defendant Landmark is a Delaware corporation. Landmark's common stock is traded on the NASDAQ under the ticker symbol "LMRK."

10. Defendant Steven M. Sonnenstein is Chairman of the Board of Directors of Landmark (the "Board").

11. Defendant Sadiq Malik is a member of the Company.

12. Defendant Thomas Carey White III is a member of the Board.

13. Defendant Gerald Tywoniuk is a member of the Board.

14. Defendant Keith Benson is a member of the Board.

15. Defendants identified in ¶¶ 10-14 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

16. Landmark owns and manages a portfolio of real property interests and infrastructure assets that Landmark leases to companies in the wireless communication, digital infrastructure, outdoor advertising, and renewable power generation industries.

17. On August 21, 2021, Landmark entered into the Agreement.

18. The press release announcing the Proposed Merger provides as follows:

Landmark Infrastructure Partners LP ("Landmark," or the "Partnership") (NASDAQ: LMRK) today announced that, following lengthy negotiations between the Conflicts Committee of the Board of Directors of Landmark Infrastructure Partners GP LLC (the "General Partner" or "GP") (the "Conflicts Committee") and the Partnership's sponsor, Landmark Dividend LLC ("LD"), the Partnership and LD have entered into a definitive agreement under which the Partnership will be acquired by LD.

Under the terms of the agreement, Landmark public unitholders will receive $16.50 in cash for each common unit owned, representing a premium of 38% to the Partnership's unaffected unit price on May 14, 2021, the last business day prior to the announcement of LD's proposed acquisition of Landmark for $13.00 per common unit. The agreement between Landmark and LD reflects one of the highest premiums ever paid in a transaction where a GP purchases its MLP.

LD owns, among other things, 100% of the membership interests in the General Partner and 13.2% of the common units representing limited partner interests in the Partnership. After consultation with its independent legal and financial advisors, and consistent with the recommendation of the Conflicts Committee that is composed entirely of independent directors of the GP, the agreement was reviewed and unanimously approved by the full Board of Directors of the GP. Both the Conflicts Committee and the full Board of Directors of the GP determined the transaction with LD to be in the best interests of the Partnership.

LD is only considering the acquisition of Landmark or, if the proposed transaction is not consummated as expected, LD will continue operating Landmark in its role as the GP. LD is not considering third party offers for Landmark or its assets. LD's acquisition of Landmark is fully financed and fully diligenced, and takes into

account the value inherent in LD's GP ownership interest and incentive distribution rights ("IDRs"). LD is interested in acquiring all of Landmark's assets, as evidenced by its agreement to purchase the entire Partnership rather than select assets. This transaction offers certainty as well as compelling and immediate value for unitholders, particularly given that Landmark's cash flow will be adversely impacted by the expiration of the cap on Landmark's agreement to reimburse LD for a portion of its expenses for general and administrative services on November 19, 2021. In addition, the GP intends to exercise its contractual right to be reimbursed for costs and expenses it incurs for services provided to Landmark.

The transaction is expected to close in 2021, subject to customary closing conditions and approval by the holders of a majority of Landmark's outstanding common units.

TAP Securities LLC and RBC Capital Markets are acting as financial advisors and Simpson Thacher & Bartlett LLP and Latham & Watkins, LLP are acting as legal advisors to LD. Truist Securities Inc. is acting as left lead arranger and joint bookrunner, and Citizens Bank N.A., RBC Capital Markets and TD Securities (USA) LLC are acting as joint lead arrangers and joint bookrunners for the debt financing. Evercore is acting as exclusive financial advisor and Gibson, Dunn & Crutcher LLP is acting as legal advisor to the Conflicts Committee.

19. On October 26, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

## Financial Projections

20. The Proxy fails to disclose material information regarding Landmark's financial projections, specifically: the line items underlying the financial projections.

21. The disclosure of projected financial information is material because it provides unitholders with a basis to project the future financial performance of a company, and allows unitholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

## Financial Analyses

22. The Proxy fails to disclose material information regarding the financial analyses conducted by Evercore. When a banker's endorsement of the fairness of a transaction is touted to equityholders, the valuation methods used to arrive at that opinion as well as the key inputs and

range of ultimate values generated by those analyses must also be fairly disclosed.

23. Regarding Evercore's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Evercore; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Evercore.

24. Regarding Evercore's Discounted Distribution Analysis, the Proxy fails to disclose the inputs and assumptions underlying the terminal yield rates and discount rates utilized by Evercore.

25. Regarding Evercore's Precedent M&A Transaction Analysis, the Proxy fails to disclose: (i) the individual multiples for the transactions utilized by Evercore; and (ii) the inputs and assumptions underlying the discount rate utilized by Evercore.

26. Regarding Evercore's Peer Group Trading Analysis, the Proxy fails to disclose the individual multiples for the companies utilized by Evercore.

27. Regarding Evercore's Premiums Paid Analysis, the Proxy fails to disclose the individual premiums paid in the transactions utilized by Evercore.

<u>Background of the Proposed Merger</u>

28. The Proxy fails to disclose the circumstances under which Evercore may receive an additional discretionary fee in an amount not to exceed $250,000, and whether defendants intend to pay Evercore this fee.

29. The Proxy fails to disclose the members of the Conflicts Committee.

## COUNT I

**Claim Against the Individual Defendants and Landmark for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

30. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

32. Landmark is liable as the issuer of these statements.

33. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

34. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

36. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

37. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

38. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

39. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

40. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Landmark within the meaning of Section 20(a) of the Exchange Act as alleged herein.

42. Due to their positions as officers and/or directors of Landmark and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

45. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

46. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

48. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

49.     Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.      In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  November 19, 2021                            **GRABAR LAW OFFICE**

                                                     By: _____
                                                     Joshua H. Grabar (#82525)
                                                     One Liberty Place
                                                     1650 Market Street, Suite 3600
                                                     Philadelphia, PA 19103
                                                     267-507-6085
                                                     jgrabar@grabarlaw.com

                                                     *Counsel for Plaintiff*